UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

FRANK BERKELEY,

Defendant.

Crim. Action No. 06-0208
GK/DAR

**FILED**

AUG 4 – 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM OF FINDINGS OF FACT AND STATEMENT OF REASONS IN SUPPORT OF ORDER OF DETENTION

## I. <u>INTRODUCTION</u>

Defendant is charged by indictment with two counts of unlawful distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). A detention hearing was commenced by the undersigned United States Magistrate Judge on July 31, 2006, and concluded on August 3, 2006.

Upon consideration of the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follows.

## II. <u>THE BAIL REFORM ACT</u>

The Bail Reform Act of 1984, 18 U.S.C. § 3141 <u>et seq.</u> (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions [of release] will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. <u>United States v. Salerno</u>, 481 U.S. 739, 755 (1987);

United States v. Berkeley                                                                    2

United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d

100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or

combination of conditions will reasonably assure the appearance of defendant as required, it has

the burden of establishing by a preponderance of the evidence that the defendant will flee before

trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S.

841 (1986). The judicial officer must determine that "it is more likely than not that no condition

or combination of conditions will reasonably assure an accused's appearance." United States v.

Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the

appearance of the person as required and the safety of any other person and the community, the

judicial officer shall take into account the available information concerning (1) the nature and

circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3)

the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any

person or to the community which would be posed by the defendant's release. 18 U.S.C.

§ 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably

assure the appearance of the defendant as required and the safety of any other person and the

community arises if the judicial officer finds that there is probable cause to believe that the

defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq.,

for which a maximum period of incarceration of ten years or more is prescribed. An indictment

is sufficient to demonstrate probable cause for purposes of 18 U.S.C. § 3142. United States v.

Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996); United States v. Vargas, 804 F.2d 157, 163 (1st Cir.

United States v. Berkeley                                                                                     3

1986); United States v. Suppa, 799 F.2d 115, 117 (3rd Cir. 1986); United States v. Mosuro, 648

F. Supp. 316, 318 (D.D.C. 1986).

## III. DISCUSSION

Counsel for the government and counsel for Defendant proceeded by proffer. Counsel for

the government proffered that on August 2, 2005, and again on September 21, 2005, a

confidential informant purchased approximately 62 grams of cocaine base from Defendant. The

government proffered that both transactions were recorded. The government further proffered

that when the Defendant was arrested on July 19, 2006, 30 grams of cocaine base was found on

his person, and a loaded semi-automatic handgun and a duffle bag containing $90,000 in cash

were seized from the car which Defendant utilized since June.

In further support of the government's motion for pretrial detention, counsel for the

government proffered that the Pretrial Services Agency report indicates that Defendant is on

probation for his conviction in the Superior Court of the District of Columbia of two counts of

possession of a controlled substance. On December 6, 2005, Defendant's probation was revoked,

and his supervision was extended to January 6, 2007. On August 3, 2006, a representative of the

Pretrial Services Agency advised that the Superior Court judge who supervises Defendant's case

has scheduled a show cause hearing for August 30, 2006.

Counsel for Defendant proffered that the drug transactions alleged in the indictment filed

in this action took place with a confidential informant, and therefore the court should consider

the information provided by the informant as "suspect." Counsel for Defendant further proffered

that the alleged transactions took place over ten months ago, and that Defendant has been in

compliance with his Superior Court conditions of probation since his term of probation was

extended. Counsel for Defendant further proffered that Defendant has maintained gainful

United States v. Berkeley                                                                                    4

employment, that he lives with his family in the Washington, D.C. area, and that his family has

appeared at all of his court proceedings. Finally, Defendant's counsel proffered that Defendant

had not been charged with any crimes in as a consequence of the recovery of the gun, cocaine and

money on July 19, 2006.

Counsel for Defendant requested that Defendant be released on the condition that he

participate in the High Intensity Supervision Program with electronic monitoring. However, the

Pretrial Services Agency officer informed the court that while Defendant's court supervision

officer indicated that a probation violation warrant would not be requested, Defendant was not

eligible for the High Intensity Supervision Program because a show cause hearing has been

scheduled. Counsel for Defendant then requested that Defendant be released to a halfway house

pending his show cause hearing.

## IV. **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the

undersigned finds by clear and convincing evidence that no condition of release or combination

of conditions would reasonably assure the safety of the community. First, the nature and

circumstances of the offense charged indicate that Defendant, while on probation for

misdemeanor drug offenses, was actively engaged in the distribution of significant quantities of

cocaine base.

Second, the undersigned finds, upon consideration of the evidence elicited by the

government, that the weight of the evidence against Defendant is compelling.

Third, while Defendant has significant family support and maintains gainful employment,

his history and characteristics militate against pretrial release. Of particular significance is that at

the time of the offenses charged, Defendant was on probation for two misdemeanor drug

United States v. Berkeley                                                                                        5

offenses, and his probation had been revoked and his term of supervision extended. While still on probation, Defendant, at the time of his arrest, was in actual possession of cocaine, and constructive possession of a semi-automatic handgun and $90,000 in cash.

Finally, the undersigned is satisfied that the toll which trafficking in cocaine base has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that evidence of Defendant's significant involvement in the distribution of cocaine in 2005, and as recently as two weeks ago, demonstrates that his release would pose a danger to the community, and that he is not amenable to community supervision.

The undersigned finds that Defendant's proffer, while arguably sufficient to rebut the presumption of fugitivity, is wholly insufficient to rebut the presumption of dangerousness. See United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V.  CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the August 3, 2006 Order of Detention.

_____
DEBORAH A. ROBINSON
United States Magistrate Judge


August 4, 2006_____
    DATE


August 3, 2006_____
NUNC PRO TUNC