CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.  20001

| | |
|---|---|
| UNITED STATES : | |
| : | Criminal No. 06-208 (GK) |
| *v*. : | |
| : | |
| FRANK BERKELEY : | |
| : | |

___

### DEFENDANT'S MOTION TO WITHDRAW HIS PLEA

The Defendant Frank Berkeley (hereinafter "Berkeley"), by and through the undersigned counsel, respectfully requests this Honorable Court to withdraw his plea which was entered on September 29th, 2006, and change the sentencing date of January 28th, 2007, to a status.  In support of this motion, the defendant states as follows:

1. On October 5th, 2006, undersigned counsel filed a Motion for Substitution of Counsel to enter their appearance as attorneys of record for Mr. Berkeley.

2. On October 9th, 2006, this Honorable Court granted this motion.

3. On or about November 3rd, 2006, undersigned counsel filed an unopposed motion to continue Mr. Berkeley's sentencing from January 10th, 2007 to January 28th, 2006.  This motion was granted and the sentencing date is now set.

4. On or about December 20th, 2006, undersigned counsel has learned that, after receiving the file from Mr. Berkeley's prior counsel, Douglas Woods, and discussing the matter with Mr. Berkeley, there were matters that affected Mr. Berkeley's plea.  One of these matters is that Mr. Berkeley is claiming that he is innocent of the charges and that he has defenses to all the charges.

5.    Mr. Berkeley was arrested and charged with Possession with the Intent to Distribute Cocaine in violation of 21 U.S.C. Section 841(b)(B)(iii). Subsequently, he was indicted on six counts of drug related charges.

6.    On September 29th, 2006, Mr. Berkeley entered a plea of guilty to one count of distribution of cocaine, which is Count V of the indictment.

7.    As part of the plea agreement, the government agreed to dismiss the other five counts and to limit the allocution at sentencing to six and a half years.

8.    In late December 2006, Mr. Berkeley met with the undersigned counsel and Mr. Berkeley indicating that he wanted to withdraw his plea, because he was innocent and that he felt he was unduly pressured from the parties involved in the case to take the plea.

9.    Mr. Berkeley, if convicted on any of the six counts, will face a term of imprisonment of 360 months.

**THE STANDARD FOR PRESENTENCE WITHDRAWAL OF A GUILTY PLEA PURSUANT TO Fed. R. Crim. Proc. 32(e)**

10.    In pertinent part Fed. R. Crim. Proc. 32(e) provides:

> "If a motion for withdrawal of a plea of guilty or no lo contender is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of and fair and just reason.

12.    Further, Fed. Rule of Crim. Proc. 11 (5)(d) states in the relevant part that

> **(d) Withdrawing a Guilty or Nolo Contendere Plea.** A defendant may withdraw a plea of guilty or nolo contendere:
> . . .
> (2) after the court accepts the plea, but before it imposes sentence if:

>. . . **(B)** the defendant can show a fair and just reason for requesting the withdrawal.

13.   In *U.S. v. Walter I. Joslin*, 140 U.S. App. D.C. 252; 434 F.2d 526; 1970 U.S. App. LEXIS 6989 (1970), the Court stated that "[s]ince the proceeding [to withdraw a plea] . . . was an integral part of the "criminal prosecution", [the defendant] was, of course, entitled to counsel on his request to alter his guilty pleas," See, *e.g.*, *Coleman v. Alabama,* 399 U.S. 1, 90 S. Ct. 1999, 26 L. Ed. 2d 387 (1970); *Mempa v. Rhay,* 389 U.S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336 (1967). Mr. Berkeley has clearly stated to the undersigned counsel that he wants to withdraw his guilty plea and, he states specific reasons why he wants to withdraw his guilty plea.

14.   The *Joslin* Court further stated that "[t]he rule is that when, as here, an effort is made to withdraw a guilty plea before sentence the defendant is entitled to an appropriate hearing before the application can be denied," *United States v. Mainer,* 383 F.2d 444, 447 (3rd Cir. 1967). Mr. Berkeley's desire to withdraw his guilty plea is before his sentencing and relatively soon after retainging undersigned counsel. Accordingly, it is respectfully requested that this Honorable Court have a hearing on this motion.

15.   Also, the *Joslin* Court indicated that "[t]he general standard to be applied (the request for leave to withdraw having come prior to sentence) is whether 'for any reason the granting of the privilege seems fair and just.'" *Kercheval v. United States*, 274 U.S. 220, 224, 47 S. Ct. 582, 583, 71 L. Ed. 1009 (1927); *Gearhart v. United States*, 106 U.S.App.D.C. 270, 273, 272 F.2d 499, 502 (1959). "If the request was made because [defendant] thought he had a defense, permission to withdraw "should be rather freely granted." *High v. United States,* 110 U.S.App.D.C. 25, 29, 288 F.2d 427, 430-431, *cert. denied,* 366 U.S. 923, 81 S. Ct. 1350, 6 L. Ed. 2d 383 (1961). With respect to Mr. Berkeley, since he has retained undersigned counsels and his

counsels investigating the allegation, he has repeatedly stated that he wish to withdraw his plea and proceed toward the trial. His motion to was filed presentecing stage.

## INEFFECTIVE ASSISTANCE OF COUNSEL

16. "The general standard to be applied (the request for leave to withdraw having come prior to sentence) is whether 'for any reason the granting of the privilege seems fair and just.'" *Kercheval v. United States*, 274 U.S. 220, 224, 47 S. Ct. 582, 583, 71 L. Ed. 1009 (1927); *Gearhart v. United States*, 106 U.S.App.D.C. 270, 273, 272 F.2d 499, 502 (1959). "If the request was made because [defendant] thought he had a defense, permission to withdraw "should be rather freely granted." *High v. United States,* 110 U.S.App.D.C. 25, 29, 288 F.2d 427, 430-431, *cert. denied,* 366 U.S. 923, 81 S. Ct. 1350, 6 L. Ed. 2d 383 (1961).

17. The Supreme Court has admonished lower courts, because the "judicial scrutiny of counsel's performance must be highly deferential," (see *Strickland v. Washington,* 466 U.S. 668, 689, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Under the Strickland test, a convicted defendant "must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." Id. at 476-77 (quoting Strickland, 466 U.S. at 688, 694).

18. Under the first prong of *Strickland,* the proper standard for assessing an attorney's performance is that of *reasonably* effective assistance. *Id. See also McMann v. Richardson,* 397 U.S. 759, 25 L. Ed. 2d 763, 90 S. Ct. 1441 (1970) (holding that a guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not a *reasonably* competent attorney). With respect to Mr. Berkeley, he was never advised, nor explained what concerning any investigation in his case. In fact, Mr. Berkeley asserts that there was no investigation conducted

4

in order to mount the proper defense for him by his prior counsel. He further asserts that the prior counsel failed to investigate or even interview possible witnesses to the point that Mr. Berkeley did not receive effective assistance of counsel in his case.

19. In the context of a guilty plea, the second prong of *Strickland* is a little more difficult to assess, *see Ostrander v. Green,* 46 F.3d 347 (4th Cir. 1995). To "prejudice" the defense, there must be a reasonable probability that the defendant would have insisted upon a trial, had he not received the ineffective assistance of his counsel. *Id.* (citing *Hill v. Lockhart,* 894 F.2d 1009 (8th Cir.) *(en banc), cert' denied,* 497 U.S. 1011, 111 L. Ed. 2d 767, 110 S. Ct. 3258 (1990) (applying the *Strickland* test to the context of a guilty plea)). Under the second prong of *Strickland*, there must be a reasonable probability that the defendant would have insisted upon a trial had he not received the ineffective assistance of his counsel, *see Ostrander v. Green,* 46 F.3d 347 (4th Cir. 1995). (citing *Hill v. Lockhart,* 894 F.2d 1009 (8th Cir.) *(en banc), cert' denied,* 497 U.S. 1011, 111 L. Ed. 2d 767, 110 S. Ct. 3258 **(1990)** (applying the *Strickland* test to the context of a guilty plea)). Mr. Berkeley learned that prior counsel did not interview any of his witnesses and failed to investigate after he received discovery from the undersigned counsel. Mr. Berkley told undersigned counsel that he was innocent of the charges and had a defense to the same. Moreover, Mr. Berkeley stated that prior counsel did not investigate his case nor did he go over the discovery with him. Accordingly, prior counsel was ineffective and ineffective assistance of counsel is a serious defect and a violation of the Sixth Amendment of the U.S. Constitution.

20. In *Ostrander v. Green, supra,* the defendant decided to plead guilty to certain sexual offenses with the understanding that he would be eligible for work release. *Ostrander v.*

*Green,* 46 F.3d 347 (4th Cir. 1995). The defendant and his family had inquired as to the defendant's eligibility for work release on multiple occasions, and each time the defendant's attorney erroneously told them that the defendant would quickly be eligible for work release. *Id.* at 355. The court reasoned that when the attorney misinformed his client as to the applicable law, his performance became deficient, even though ineligibility for work release was a collateral consequence of the guilty plea. *Id.* The court held that the defendant received ineffective assistance of counsel because he would not have entered his guilty plea but for the misinformation given to him by his attorney with regard to this collateral consequence. *Id.*

21.     Similarly, Mr. Berkeley would not have entered into a guilty plea, if his attorney had investigated his case or prepared the case with him.  Most importantly, Mr. Berkeley submits that his prior counsel's actions were so deficient that it fails to meet the minimum standard set forth by the *Strickland, supra*, and the Court should allow Mr. Berkeley to withdraw his pleas.

**WHEREFORE**, for the foregoing reasons and any that may be stated at any hearing on this motion, Mr. Berkeley respectfully requests that this Honorable Court grant this motion and withdraw his plea and request a hearing on this matter.  A proposed order is enclosed.

    Respectfully submitted,

    /s/ Harry Tun
    Harry Tun DC#416262
    400 Fifth Street, N.W., Suite 300
    Washington, DC 20001
    202-393-2882

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of February, 2007, a copy of the foregoing to be delivered by electronic e-mail to Perham Gorji, Assistant United States Attorney, Federal Major Crimes Section, 555 Fourth Street, N.W., Washington, D.C. 20530.

    /s/ Harry Tun