UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-208 (GK) |
| v. | : | |
| FRANK BERKELEY, | : | VIOLATIONS: 21 U.S.C. §841(a)(1) and §841(b)(1)(A)(iii) |
| Defendant. | : | (Distribution of 50 Grams or More of Cocaine Base) |

**GOVERNMENT'S REPLY TO DEFENDANT'S POST-HEARING BRIEF**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia (the "United States" or "Government"), respectfully submits this reply brief in response to defendant's post-hearing brief, a hearing on defendant's motion to withdraw his guilty plea having been held on August 9, 2007.

**Background**

Defendant Frank Berkeley ("Defendant") pled guilty on September 29, 2006, and filed his motion to withdraw his guilty plea ("the motion") on February 2, 2007, prior to sentencing. A hearing on the motion was held on August 9, 2007 ("the hearing"). Pursuant to the Court's order, the Government filed its post-hearing memorandum in opposition to the motion on August 20, 2007. The defense filed its post-hearing brief on September 12, 2007 ("Defendant's brief").

In Defendant's brief, the defense maintains two claims of ineffective assistance of counsel against Doug Wood. First, the defense alleges that Doug Wood "carefully considered the entrapment defense [but] did not explain it to [Defendant] . . . solely based on [Mr. Wood's] efforts not to be disqualified from the case" as a result of an alleged conflict of interest stemming

from Mr. Wood's prior representation of Dennis Butler in an April 2000 drug case in Maryland ("the 2000 drug case") (Defendant's Brief at 2). Second, the defense claims that Mr. Wood erroneously advised Defendant that he could receive a one-year reduction in his sentence if he participated in the Bureau of Prisons' Drug Treatment Program, and that, at the hearing, Mr. Wood admitted to providing erroneous advice on that issue (Defendant's Brief at 5). As shown below, both claims are meritless.[1]

## Argument

I.  Doug Wood's Prior Representation of Dennis Butler Did Not
    Result in Ineffective Assistance of Counsel in this Case.

Contrary to Defendant's argument, Doug Wood's representation of Dennis Butler in the 2000 drug case had no bearing on Mr. Wood's advice in this case and did not render his representation of Defendant ineffective. The reason why Doug Wood did not consider an entrapment defense in this case was because Defendant never informed him that he was pressured and threatened by the informant (Tr. 122-23, 126, 136, 143, 144, 146).[2] Simply put, it never came up (id.). Mr. Wood consistently testified that the entrapment defense did not come up, but, had it come up, he would not have thought much of the defense given Defendant's

---

[1] Aside from the fact that Defendant's legal analysis is flawed, several of the factual allegations underlying both claims are patently false and unsupported by the record in this case. Although the defense ordered the transcript of the hearing, the defense failed to provide specific citations to the hearing transcript in the Defendant's brief because counsels' representations are plainly contradicted by the testimony at the hearing. In this Reply, the Government cites to the portions of the hearing transcript which contradict the allegations falsely asserted in the Defendant's brief.

[2] "Tr." followed by a page number or numbers refers to the transcript of the hearing on the motion at the page(s) indicated.

2

criminal conduct at the time of the arrest in this case, as well as Defendant's prior criminal history (id. at 124, 126, 140, 142).

In recommending that Defendant accept the Government's plea offer, Mr. Wood was not motivated by a concern for getting disqualified in this case as a result of the alleged conflict of interest. At the time Mr. Wood was advising Defendant about this case, Mr. Wood did not even recall that he had represented Dennis Butler in the 2000 drug case (Tr. 125, 127); he was only generally aware that it was a drug case, that Defendant and Dennis Butler had both been involved in it, and that he had previously represented Dennis Butler in what he thought was a different case (id.). Indeed, Mr. Wood first came to recall specifically that he had in fact represented Dennis Butler in the 2000 drug case only after he was asked about it at the hearing and had his staff look into it (id. at 127, 145).[3] Clearly then, Mr. Wood could not have been motivated by an alleged conflict of interest of which he was unaware at the time he advised Defendant in this case. In fact, Mr. Wood testified unequivocally that his prior representation of Dennis Butler had no bearing on his advice to Defendant to accept the Government's plea offer (id. at 146). Rather, Mr. Wood advised Defendant to accept the plea offer because it was as good of a plea offer Defendant could get in light of the overwhelming evidence against Defendant (id. at 116-117, 140-41).

---

[3] When presented with Defendant's contention at the hearing regarding the alleged conflict of interest, Mr. Wood denied that there was any conflict of interest even after Mr. Wood realized at the hearing that he had in fact represented Dennis Butler in the 2000 drug case (Tr. 127-129). For the reasons explained in the Government's post-hearing memorandum, there was no conflict of interest in this case notwithstanding Mr. Wood's prior representation of Dennis Butler (see Docket No. 36, Government's Post-Hearing Memorandum at 16-18). Defendant's claim that there was a conflict of interest is purely speculative, and Defendant cannot not show that this hypothetical conflict of interest "adversely affected his lawyer's performance." Cuyler, 446 U.S. at 350.

II.   Defendant Did Not Establish That He Is Ineligible for a Reduced
      Sentence under the Bureau of Prison's Drug Treatment Program,
      or That He Was Prejudiced by Doug Wood's Advice.

The defense also maintains that Doug Wood erroneously advised Defendant that he could be placed in the Bureau of Prisons' drug treatment program, and, if completed successfully, that he could potentially be released from prison a year early (Tr. 131-132). As explained in the Government's post-hearing memorandum, Doug Wood's advice was not erroneous (Docket No. 36 at 13-15). Noticeably, the defense provides no legal authority in support of its claim that only U.S. citizens are eligible for placement in the drug treatment program or for a reduction in sentence upon completion of the program. In fact, as explained in the Government's post-hearing memorandum, Mr. Ponds' representation at the hearing was wrong; U.S. citizenship is not an eligibility requirement either for placement in the program or for a reduction in sentencing upon its completion (id.).

Instead of providing legal authority in support of this claim and Mr. Ponds' false proposition (which they cannot), the defense argues that this claim of ineffective assistance of counsel was conceded by the Government at the hearing (Defendant's Brief at 5, n.5). In a footnote, the defense states that "[a]t the evidentiary hearing, Mr. Wood admitted that he provided erroneous advice to [Defendant] concerning the Comprehensive Drug Treatment Program" (id.). This contention in Defendant's brief is plainly false. At the hearing, when Mr. Wood was told, falsely, that U.S. citizenship was a requirement for eligibility in the Drug Treatment Program, Mr. Wood agreed that, if Mr. Pond's statement about the eligibility requirement were true, Mr. Wood's advice would have been erroneous (Tr. 132). As explained above, however, no such eligibility requirement exits.

Lastly, even if Mr. Wood had been wrong about Defendant's eligibility to participate in the Drug Treatment Program, the Defendant has not alleged, as he must, that he would have declined the Government's plea offer had he been advised differently with respect to this issue. As the Government points out in its post-hearing memorandum, it is unlikely that Defendant could show a "reasonable probability," as required by Hill v. Lockhart, 474 U.S. 52, 59 (1985), that he would have rejected the Government's plea offer based on a potential one-year difference in the amount of time he would serve in light of the overwhelming evidence against him, the amount of time he would likely face were he to go to trial, as well as the speculative nature of his need for placement in the Drug Treatment Program, his ability to complete the program, and the reduction of time that he might receive were he to complete the program (see Docket No. 36 at 13-15).

WHEREFORE, for the reasons stated above, it is respectfully requested that Defendant's motion be denied.

        Respectfully submitted,
        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY
        Bar No. 451-058

        _____/s/_____
By:  PERHAM GORJI
       ASSISTANT U.S. ATTORNEY
       Delaware Bar No. 3737
       Federal Major Crimes Section
       555 4th Street, N.W.
       Washington, D.C. 20530
       (202) 514-5060
       perham.gorji@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of this Reply to Defendant's Post-Hearing Brief has been served by first class mail upon counsel of record for the defendant, Harry Tun, Esquire, 400 Fifth Street, N.W., #300, Washington, D.C. 20001, this 14th day of September, 2007.

                              _____/s/_____
                              Assistant United States Attorney